# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: April 20, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ELIZABETH PACE LADERER, | * | |
| | * | No. 09-097V |
| Petitioner, | * | |
| | * | Chief Special Master Dorsey |
| v. | * | |
| | * | Reasonable Attorneys' Fees |
| SECRETARY OF HEALTH | * | Reasonable Paralegal Fees; |
| AND HUMAN SERVICES, | * | Appropriate Hourly Rate; |
| | * | Administrative Work; Excessive |
| Respondent. | * | Billing. |
| | * | |
| * * * * * * * * * * * * * * * | * | |

Robert J. Krakow, Law Offices of Robert J. Krakow, PC, New York, NY, for petitioner.
Traci R. Patton, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 18, 2009, Elizabeth Pace Laderer ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving an MMR vaccine on March 13, 2006, she suffered from chronic pain, overwhelming fatigue, muscle and skin disturbances attributable to adrenal insufficiency, fibromyalgia, Chronic Fatigue Syndrome, Raynaud's Phenomenon, as well as polyneuropathy. Petition at ¶ 2.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 20, 2015, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. The same day, the undersigned issued a decision based on the parties' stipulation, awarding petitioner $57,000.00. Decision dated August 20, 2015 (ECF No. 125). On February 22, 2016, petitioner filed a motion for attorney fees and costs, along with a number of exhibits in support of her motion. See Petitioner's Motion for Attorneys' Fees and Costs ("Pet'r's Motion") dated February 22, 2016 (ECF Nos. 131-36). Petitioner requests $121,651.25[3] in attorneys' fees and $45,647.40 in costs, for a total award of $167,298.65.

## I. Procedural History

### a. Petitioner's Application for Fees and Costs

Petitioner requested an award of $121,651.25 in attorneys' fees (including $8,028.00 of paralegal fees) and $45,647.40 in costs. Pet'r's Motion at 18. In support of her motion, petitioner stated that her attorney, Mr. Robert Krakow, worked on her case for approximately six and a half years. Id. at 1. Mr. Krakow has been practicing in the Vaccine Program for 13 years and has been "actively engaged in the practice of law" for over 36 years. Id. at 3. Included with the application, petitioner filed support for the hourly billing rate claimed by Mr. Krakow,[4] contemporaneously created time and expense sheets, including a separate time sheet for paralegal time,[5] and invoices from petitioner's two expert witnesses, Dr. Yehuda Shoenfeld and Dr. Nizar Souayah. See generally, ECF Nos. 131-35.[6]

### b. Respondent's Response to Petitioner's Motion for Fees and Costs

Respondent filed her response on March 7, 2016, in which she raised a general objection to the overall cost of petitioners' application. See Respondent's Response ("Resp's Resp.") dated March 7, 2016 (ECF No. 137). Respondent stated her belief that the statutory requirements for an award of attorneys' fees have been met and stated that "the determination of the amount of reasonable attorneys' fees is within the special master's discretion." Id. at 2 (quoting Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993)); see

---

[3] Petitioner's original application requested a total award of $120,121.25 in attorneys' fees, $8,028.00 of which constituted paralegal fees. Pet'r's Motion at 18. Petitioner filed a detailed reply to respondent's response and submitted a supplemental application for attorneys' fees in the amount of $1,530.00, for a total requested award of $121,651.25. Pet'r's Reply, Tab 23 at 1.

[4] In support of his hourly rate, petitioner submitted extensive documentation of his hourly rate. See Pet'r's Motion, Tab 1 at 8-16 (reviewing of all of petitioner's evidence related to Mr. Krakow's appropriate hourly rate).

[5] Petitioner requested an hourly paralegal rate of $125.00 per hour for the years 2009-2011; $130.00 per hour in 2012; $140.00 per hour for the years 2013-2014; $145.00 per hour in 2015; and $155.00 per hour in 2016. Pet'r's Motion, Tab 1 at 3.

[6] The undersigned appreciates Mr. Krakow's thorough and organized record of attorneys' fees and costs.

also § 300aa-15(e)(1)(A)-(B). Although respondent recommended a range of $65,000.00 to $90,000.00, she defers to the undersigned to determine a reasonable amount of fees and costs.[7] Resp.'s Resp. at 3.

### c. Petitioner's Reply to Respondent's Response to Petitioner's Motion for Fees and Costs

Petitioner filed a reply on March 17, 2016, arguing that respondent's recommended range "would constitute a drastic reduction of the attorney[s'] fees and costs claimed by petitioner." Pet'r's Reply dated March 17, 2016 (ECF No. 138) at 1. Petitioner argues that respondent has not specifically analyzed petitioner's application for attorneys' fees and costs due to her lack of "sufficient resources to provide detailed objections to requests for attorneys' fees and costs." Id. at 2 (quoting Resp's Resp. at 3, n. 1). Petitioner further argues that higher fee award is reasonable because respondent "vigorously contested entitlement" in this case. Id.; see, e.g., Motion for Summary Judgment dated December 2, 2011 (ECF No. 41).

Petitioner also argues that despite the undersigned's recommendation that the parties consider settlement discussions in early 2014, respondent contended that settlement was not appropriate and a hearing was scheduled. Pet'r's Reply at 4; see Scheduling Order dated January 10, 2014 (ECF No. 93). Nearly a year later, after more expert reports were filed, a settlement was finalized on August 20, 2015. See Decision dated August 20, 2015 (ECF No. 125).

This matter is now ripe for a decision on petitioner's motion for attorneys' fees and costs. For the reasons set forth below, the undersigned awards petitioners $115,958.50 for attorneys' and paralegal fees and $42,187.29 for interim costs, for a total award of $158,145.79.

## II. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward

[7] Although respondent states that $65,000.00 to $90,000.00 would be the appropriate range of compensation "based on a survey of fee awards in similar cases and her experiences litigating Vaccine Act claims" she does not specifically identify the "similar cases" upon which her suggestion is based. Resp.'s Resp. at 3.

departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).

**i. Hourly Rates**

Petitioner requests compensation for Mr. Krakow in the amount of $345.00 per hour for time billed in 2009; $355.00 per hour for time billed in 2010; $365.00 per hour for time billed in 2011; $375.00 per hour for time billed in 2012; $385.00 per hour for time billed in 2013; $396.00 per hour for time billed in 2014; $413.00 per hour for time billed in 2015; and $425.00 per hour for time billed in 2016. Pet'r's Motion, Tab 1 at 3-4. Petitioner cited McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), and Sexton v. Sec'y of Health & Human Servs., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015) in support of these requested hourly rates. Pet'r's Motion at 9. Petitioner also requests compensation for paralegal work in the amount of $125.00 per hour for the years 2009-2011, $130.00 per hour in 2012, $140.00 per hour for the years 2013-2014, $145.00 per hour in 2015, and $155.00 per hour in 2016. Id. at 3. Petitioner does not cite any authority for these paralegal rates.

Historically, Mr. Krakow and respondent have generally negotiated and filed a stipulation for attorneys' fees. The undersigned is unaware of any prior decisions which discuss an appropriate hourly rate for Mr. Krakow. However, similar fee amounts have been awarded to other similarly situated attorneys in the New York, New York area. The undersigned awarded New York attorney John McHugh $330.00 per hour for work performed in 2009, $340.00 per hour in 2011, $345.00 per hour in 2012, $350.00 per hour in 2013, and $400.00 per hour in 2014. See Mostovoy v. Sec'y of Health & Human Servs., 02-10V, 2016 WL 720969, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Like Mr. McHugh, Mr. Krakow is an experienced attorney who has been a practicing in the Vaccine Program since 2003. Pet'r's Motion, Tab 1 at 7. The undersigned further finds that Mr. Krakow is entitled to the hourly rates that he requested, as these amounts are reasonable in light of other decisions awarding similar hourly rates to other similarly situated attorneys.

With respect to paralegal rates, the undersigned has previously awarded paralegal rates of $125.00 per hour, although higher rates were requested. See Parker v. Sec'y of Health & Human

Servs., 02-1553V, 2015 WL 455011, at *1 (Fed. Cl. Spec. Mstr. June 3, 2015) (the undersigned awarded a paralegal rate of $125.00 per hour and found that the rate of $150.00 per hour was excessive); see also Scharfenberger v. Sec'y of Health & Human Servs., 11-221V, 2015 WL 3526559, at *10 (Fed. Cl. Spec. Mstr. May 15, 2015) (Special Master Corcoran awarded paralegal rates of up to $125.00 per hour and decreased hourly paralegal rates which exceeded this amount). The undersigned thus finds that Mr. Krakow is entitled to a paralegal rate of $125.00 per hour.

### ii. Reduction of Billable Hours

#### 1. Legal Work

While petitioner is entitled to an award of attorneys' fees, the undersigned finds that a slight reduction in the number of hours billed by Mr. Krakow is appropriate, as some of the time billed by Mr. Krakow is excessive and administrative in nature. For these reasons, explained in further detail below, the undersigned reduces petitioner's attorney's billable hours by 10.6 hours and petitioner's paralegal hours by 6.75 hours.

#### a. Administrative Work

Mr. Krakow billed time for performing administrative tasks such as setting up meetings and status conferences. It is well established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. Rochester v. United States, 18 C. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services … should be considered as normal overhead office costs included within the attorneys' fee rates"). Therefore, the undersigned will not compensate Mr. Krakow for the following entries:[8]

On September 24, 2009, Mr. Krakow billed .1 hours to set up and confirm an appointment with the court. On April 12, 2010, Mr. Krakow collectively billed .4 hours to schedule a status conference. On May 4, 2010, Mr. Krakow billed .1 hours to schedule a conference call with his client, and on October 21, 2010, he billed .3 hours for reviewing the file and filing a motion on CM/ECF.

On January 24, 2011, Mr. Krakow billed .2 hours of time to prepare a notice of filing, which should have been billed at his paralegal rate and not at his attorney rate.[9] On June 29, 2011, Mr. Krakow collectively billed .2 hours to schedule and confirm a status conference, and on September 13, 2011, he collectively billed .3 hours to schedule a status conference.

On February 15, 2013, Mr. Krakow billed .4 hours of time to schedule a status conference, and on February 16, 2013, he billed .4 hours to set up a status conference. Again on February 19, 2013, Mr. Krakow billed .1 hours to reschedule a status conference. On June 29, 2013, Mr. Krakow billed .1 hours to "[r]eview file, check status of next calendar date and action,

---

[8] All of the references to Mr. Krakow's billing entries are found in Pet'r's Motion, Tab 2.

[9] The undersigned will compensate Mr. Krakow for .2 hours of time at the paralegal rate of $125.00.

[and] check database and calendar." On July 9, 2013, Mr. Krakow billed .1 hours to confirm a status conference. On July 30, 2013, he collectively billed .3 hours for scheduling a call with one of his expert witnesses. On July 31, 2013, Mr. Krakow billed .2 hours to "[r]eview scheduling order, conform [sic] file and calendar," and on August 7 and August 9, 2013, he collectively billed .3 hours for scheduling a hearing. On August 19, 2013, Mr. Krakow billed .2 hours for reviewing the file and updating his calendar. On December 16 and 17, 2013, he collectively billed .8 hours for scheduling a status conference.

On January 19, 2014, Mr. Krakow billed .2 hours for reviewing the file as "part of a periodic inventory of all cases," and on March 2, 2014, he billed .1 hours for the same. On April 20, 2014, Mr. Krakow billed .1 hours to review the file and add dates to his calendar, and on May 6 and 7, 2014, he collectively billed .5 hours to schedule a status conference. On November 6, 2014, Mr. Krakow billed .2 hours for "[s]cheduling order," and "note to file."

On February 2, 2015, Mr. Krakow billed .2 hours for scheduling a status conference, and on August 4, 2015, he billed .1 hours for time spent scheduling. On August 27, 2015, he billed .1 hours to review the file and check dates, and on September 11, 2015, Mr. Krakow billed .1 hours to "organize file."

Because these entries are administrative in nature, the undersigned will not compensate Mr. Krakow for them.

**b. Excessive Billing**

The undersigned finds that petitioner's award should also be reduced for excessive billing. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. See § 15(e)(1). The undersigned will only compensate Mr. Krakow for one half of the time he spent on the following tasks:

On February 22, 2010, Mr. Krakow billed .2 hours for preparing a substitution motion. The undersigned finds this excessive and duplicative, as Mr. Krakow also billed 2.0 hours of paralegal time the same day, in part of "producing substitution motion." Thus, the undersigned will not compensate Mr. Krakow for this time.

On September 24, and 25, 2014, and October 1 and 2, 2014, Mr. Krakow collectively billed 8.8 hours to review an expert report, which the undersigned finds excessive given the time he already spent reviewing, editing, and filing this report. Thus, the undersigned will only compensate Mr. Krakow for 4.4 hours of this time.

**2. Paralegal Work**

Petitioner requested compensation in the amount of $8,028.00 for 58.4 total hours of paralegal time. See Pet'r's Motion, Tab 2 at 60. For the following reasons, the undersigned will compensate Mr. Krakow for 51.65 hours of this paralegal work.

On September 14, 2013, petitioner billed 13.5 total hours of paralegal time for various tasks such as downloading articles, Bates stamping exhibits, and creating PDFs in preparation for

filing exhibits. Pet'r's Motion, Tab 2 at 42. The undersigned find this excessive and will reduce it by one half, thus compensating petitioner for 6.75 of these paralegal hours. The undersigned will thus compensate petitioner for 51.65 hours of paralegal time at the rate of $125.00 per hour for a total award of $6,456.25 in paralegal fees.

**b. Costs**

Petitioner requests compensation in the amount of $45,647.40 for costs incurred between 2009 to 2016, $3,126.29[10] of which represents petitioner's out of pocket expenses,[11] $19,500.00 of which represents compensation for Dr. Shoenfeld, $23,750.00 of which represents compensation for Dr. Souayah, and $1,271.11 for miscellaneous expenses. Pet'r's Motion, Tab 2 at 54-55. For the following reasons, the undersigned awards petitioner $42,187.29 in costs.

**i. Costs for Expert Witnesses**

**1. Dr. Yehuda Shoenfeld**

Petitioner requests a total of $19,500.00 to compensate Dr. Shoenfeld. Petitioner provides one invoice for Dr. Shoenfeld's services, which reflects that he billed at a rate of $500.00 per hour. Pet'r's Motion, Tab 21F at 1 (ECF No. 134-8). The invoice has four entries. The first states that between July 1-12, 2011, Dr. Shoenfeld spent 10 hours "[r]eading the files," for which he billed $5,000.00. Id. The second entry states that from July 4-20, 2011, Dr. Shoenfeld spent nine hours "[r]eviewing the literature," for which he charged $4,500.00. Id. The third entry reports that from July 20 –August 7, 2011, Dr. Shoenfeld spent 10 hours "[w]riting the initial report," for which he charged $5,000.00. Id. The final entry states that from June 18 – July 14, 2013, Dr. Shoenfeld spent ten hours "[w]riting the response to Dr. Lindsey Whitton's report," for which he charged $5,000.00 dollars. Id. The invoice was not contemporaneously billed, and it does not contain any additional details about the files or literature that Dr. Shoenfeld reviewed.

---

[10] Petitioner's motion for attorneys' fees and costs states that the total amount of her out-of-pocket expenses is $3,126.20, but petitioner's invoice states that her out-of-pocket expenses total $3,926.29. Compare Pet'r's Motion at 2 with Pet'r's Motion, Tab 2 at 54. The undersigned will award $3,926.29 to petitioner for her out-of-pocket expenses.

[11] Petitioner stated in her application that she "commenced the proceeding pro se, paying for the filing fee, acquisition, duplication and production of some records and other costs out of pocket." Pet'r's Motion, Tab 2 at 54. Petitioner further reports that $200.00 of her $3,126.29 total out-of-pocket costs is due to photocopying expenses. Petitioner states that while she does not have a receipt for this amount, "the filing of paper documents at the outset of the case should be sufficient to document that photocopy costs for voluminous documents were necessarily incurred and paid by petitioner." Id. While expenses are generally not paid unless petitioner can show that the costs were actually incurred, the undersigned understands that petitioner originally filed her claim over seven years ago and was originally pro se. Therefore, the undersigned finds that petitioner is entitled to receive $200.00 for her photocopying expenses.

For the reasons explained below, the undersigned will compensate Dr. Shoenfeld at the rate of $400.00 per hour and will further reduce his invoice by an additional 10 percent due to block billing. The undersigned therefore awards Dr. Shoenfeld $14,040.00.

a. **Hourly Rate**

Petitioner requests compensation in the amount of $500.00 per hour for Dr. Shoenfeld. Other special masters, however, have found it appropriate to reduce his hourly billing rate to $350.00. See, e.g., Crutchfield v. Sec'y of Health & Human Servs., No. 09-39V, 2011 WL 3806351, at *8 (Fed. Cl. Spec. Mstr. August 4, 2011) (Special Master Hastings awarded Dr. Shoenfeld $350.00 per hour on an interim fee bases, stating "petitioner has not established that it is reasonable to pay the very high hourly rate of $500.00"). Special Master Moran compared Dr. Shoenfeld's rates to those of another immunologist who frequently testifies in the Program in order to determine a reasonable hourly rate. See Sabella v. Sec'y of Health & Human Servs., No. 02-162V, 2008 WL 4426040 (Fed. Cl. Spec. Mstr. Aug. 29, 2008) (comparing Dr. Shoenfeld's rates to the rates of another immunologist, Dr. Joseph Bellanti) aff'd in part, denied in part 86 Fed. Cl. 201 (Fed. Cir. 2009) ("The court finds that the special master reasonably looked to the hourly rate of another doctor in Dr. Shoenfeld's field of immunology to aid in his determination of a reasonable hourly rate for Dr. Shoenfeld . . . . The reasonable amount of compensation for Dr. Shoenfeld is therefore [$350.00] per hour").

The Federal Circuit has made clear that a special master's determination of a reasonable hourly rate is an exercise of discretion. See Hall v. Sec'y of Health & Human Servs., 640 F.3d 1351 (Fed. Cir. 2011). Unlike the petitioners in Crutchfield and Sabella, petitioner has provided some argument to justify Dr. Shoenfeld's rate of $500.00. Petitioner argues that other experts, such as Dr. Oleske,[12] have been paid $500.00 per hour for similar services. Pet'r's Motion, Tab 1 at 17; See also Sexton, No. 99-453V, 2015 WL 7717209 (wherein the undersigned awarded Dr. Oleske $500.00 per hour). As explained above, however, a number of special masters have found that Dr. Shoenfeld is not entitled to $500.00 per hour for his services. Because petitioner provided an explanation as to why Dr. Shoenfeld is entitled to a higher rate, the undersigned finds that it is reasonable to compensate him at the rate of $400.00 per hour.

**b. Block Billing**

The Guidelines for Practice state that petitioner should explain costs sufficiently to demonstrate their relation to the prosecution of the petition. See Rodriguez v. Sec'y of Health & Human Servs., 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Without invoices, it is impossible to determine precisely what services the expert rendered or at what cost. See Guidelines for Practice at 69 (Section X, Chapter 3, Part B(2)). Petitioner has provided very little information about the work that Dr. Shoenfeld actually performed, and without this additional information, it is difficult to evaluate whether the amount of time that he spent preparing his expert reports was reasonable or necessary. Block billing is clearly is disfavored. Therefore, the undersigned reduces the invoice of Dr. Shoenfeld by ten percent and awards him $14,040.00.

---

[12] Dr. James M. Oleske, MD, MPH, is a pediatric immunologist who has previously testified on behalf of petitioners in the Program. See, e.g., Sexton, 2015 WL 7717209.

**2. Dr. Nizar Souayah**

Petitioner requests a total of $21,750.00 for 47.5 hours of work by Dr. Souayah. Pet'r's Motion, Tab 21N. Petitioner provided a detailed invoice of the amount of time spent by Dr. Souayah in consulting with her attorney, reviewing the records and the reports of other experts, and writing his expert report. See id. at 2.

Dr. Souayah charged $500.00 per hour for his services. Pet'r's Motion, Tab 21N at 1. Petitioner originally requested $33,750.00 for 67.5 hours of work, but "given the high number of hours expended," petitioner reduced the amount by $10,000.00, which is equivalent to ten hours of work. Pet'r's Motion, Tab 21N at 1; Pet'r's Motion, Tab 21OO at 1.

Given that Dr. Souayah provided detailed, contemporaneous time records, and because petitioner decreased the amount of his invoice by $10,000.00, the undersigned finds that the amount of $23,750.00 is reasonable for Dr. Souayah's work in this case.

**ii. Other Costs**

Petitioner requests an additional $1,271.11 in costs to cover photocopying, the cost of supplies, and expenses related to shipping documents to petitioner's experts. The undersigned finds these costs reasonable and will pay them in full. The undersigned thus awards petitioner $1,271.11 for miscellaneous costs.

III. **Conclusion**

The undersigned finds an award of attorneys' fees and costs appropriate. In sum, the undersigned awards petitioner the following amounts for attorneys' fees and costs:

Attorney and Paralegal Fees:

| | |
|---|---|
| Requested Attorneys' Fees: | $112,093.25 |
| Reductions: | ($4,121.00) |
| Awarded: | $107,972.25 |
| | |
| Supplemental Attorneys' Fees: | $1,530.00 |
| Reductions: | ($0.00) |
| Awarded: | $1,530.00 |
| | |
| Requested Paralegal Fees: | $8,028.00 |
| Reductions: | ($1,571.75) |
| Awarded: | $6,456.25 |

Costs:

| | |
|---|---|
| Petitioner's Costs Requested: | $3,126.29 |
| Reductions: | ($0.00) |
| Awarded: | $3,126.29 |

| | |
|---|---|
| Dr. Yehuda Shoenfeld Requested: | $19,500.00 |
| Reductions: | ($5460.00) |
| Awarded: | $14,040.00 |
| | |
| Dr. Nizar Souayah Requested: | $23,750.00 |
| Reductions: | ($0.00) |
| Awarded: | $23,750.00 |
| | |
| Miscellaneous Costs Requested: | $1,271.00 |
| Reductions: | ($0.00) |
| Awarded: | $1,271.00 |

**Accordingly, the Court awards:**

**a. $155,019.50 representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner, Elizabeth Laderer, and Law Office of Robert J. Krakow, P.C., in the amount of $155,019.50.**

b. **$3,126.29, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for $3,126.29.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[13]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

[13] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.